# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVE MARKOS<br>2606 Waters Edge Trail, Roswell, GA  30075<br><br>        Plaintiff,<br><br>        v.<br><br>NEWLANE REAL ESTATE, INC.<br>1050 30th Street NW, Washington, DC  20007<br><br><br>        Defendant. | Civil Action No.: |

## COMPLAINT AND JURY DEMAND

Plaintiff Steve Markos ("Plaintiff"), by his undersigned attorneys, Duane Morris LLP, brings this suit against Defendant Newlane Real Estate, Inc. ("Defendant"), and for its Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501.  Plaintiff seeks compensatory damages, or in the alternative and at Plaintiff's discretion statutory damages, pursuant to 17 U.S.C. § 504, arising out of the infringement of a copyrighted photographic image, in an amount to be established at trial.

### PARTIES

2. Plaintiff is a professional photographer who resides at 2606 Waters Edge Trail, Roswell, GA  30075.

3. Upon information and belief, Defendant Newlane Real Estate, Inc. ("Defendant") is a limited-liability company duly organized and existing under the laws of District of

Columbia. Upon information and belief, Defendant has a principal place of business located at 1050 30th Street NW, Washington, DC 20007. At all times relevant to this lawsuit, Defendant has owned and operated a website used to promote its business services located at the URL http://newlanerealty.com (the "Website").

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. §§ 101, *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in the District and has committed statutory violations in the District, including without limitation Defendant's copyright infringement, which causes harm in the District and this jurisdiction.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

7. Among the many stylized photographs Plaintiff has taken of our country's national parks and monuments, Plaintiff is the original author of a popular photographic image of Glen-Echo Park's carousel building (the "Copyrighted Work"). Attached hereto as **Exhibit A** is a copy of the photographic image that is the Copyrighted Work as published by the Plaintiff on his website.

8. On April 3, 2017, Plaintiff obtained a registration with the United States Copyright Office for the Copyrighted Work (among other photographs). Attached hereto as

**Exhibit B** is a copy of the certificate for Registration Number VA 2-049-136 obtained from the United States Copyright Office.

9. Plaintiff publishes the Copyrighted Work on his website, along with his copyright management information displayed in a watermark on the face of the digital photograph.

**B.   Defendant's Unlawful Activities**

10. In 2020, Plaintiff discovered that Defendant was infringing Plaintiff's exclusive copyright in the Copyrighted Work by reproducing, displaying and distributing the Copyrighted Work on its commercial Website.

11. Specifically, Plaintiff discovered the Copyrighted Work reproduced, distributed and publicly displayed, without Plaintiff's authorization, at the following Website page URL:

- https://newlanerealty.com/neighborhood/glen-echo-montgomery-county-md/

12. A copy of a screenshot of the Defendant's infringing reproduction, distribution and public display of the Copyrighted Work is attached hereto as **Exhibit C**.

13. Defendant's infringing use of the Copyrighted Work on its Website was for the commercial purpose of promoting Defendant's real estate brokerage services to potential customers.  Defendant sought, and on information and belief has, profited from its infringing use of the Plaintiff's Copyrighted Work to promote and sell Defendant's services to customers and potential customers.

14. Defendant intended to, and on information and belief has, commercially profited from the infringement of the Plaintiff's Copyrighted Work without paying the Plaintiff (or anyone else) for a license or other permission to reproduce, display, distribute or otherwise use the Copyrighted Work.

15. Defendant was aware that Plaintiff owned the copyrights to the Copyrighted Work, because Plaintiff's copyright notice and name are watermarked on the face of the

Copyrighted Work, which Defendant necessarily must have seen when the Copyrighted Work was copied to and displayed on Defendant's Website. *See* Exhibit C.

16. Defendant was aware that it did not request, let alone receive, a license or other permission from the Plaintiff to use the Copyrighted Work on its commercial Website in order to promote Defendant's business. Nevertheless, Defendant copied, displayed and distributed Plaintiff's Copyrighted Work in order to benefit its own business interests, acting with actual knowledge, or at a minimum reckless disregard, of its infringement of Plaintiff's exclusive copyrights.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101, *et seq*.)

17. Plaintiff realleges paragraphs 1 through 16 above and incorporates them by reference as if fully set forth herein.

18. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff owns the sole and exclusive copyrights in the Copyrighted Work, including without limitation the right to sue for infringement.

19. Plaintiff timely registered his Copyrighted Work with the Copyright Office prior to Defendant's commencement of its infringement.

20. As a result of Defendant's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to its commencement of infringing activities.

21. By its actions set forth above, Defendant has infringed and violated Plaintiff's exclusive rights in the Copyrighted Work in violation of the Copyright Act, 17 U.S.C. §501.

22. Defendant's infringement of Plaintiff's copyrights has been willful and deliberate, or at a minimum in reckless disregard of Plaintiff's exclusive copyrights in the Copyrighted Work, and Defendant has profited from its infringing conduct at the expense of Plaintiff.

23. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized and uncompensated uses of the Copyrighted Work, and in addition, Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits connected to sales of its services to customers who visited its Website while Defendant displayed and distributed the Copyright Work without authorization, pursuant to 17 U.S.C. § 504(b).

24. In the alternative, and at Plaintiff's election, Plaintiff is entitled to an award of statutory damages, up to a maximum amount of $150,000, as a result of Defendant's willful infringement of the Copyrighted Work, or up to a maximum amount of $30,000 if Defendant's infringement is determined not to have been willful, pursuant to 17 U.S.C. § 504(c).

25. Plaintiff is entitled to an award of his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

26. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights in the Copyrighted Work in violation of the Copyright Act;

2. A declaration that such infringement has been willful;

3. An award of Plaintiff's actual damages and a disgorgement of Defendant's profits, under 17 U.S.C. § 504(b), as shall be determined at trial, or, at Plaintiff's election, an award of statutory damages in an amount determined at trial, pursuant to 17 U.S.C. § 504(c);

4. An award of Plaintiff's costs and expenses incurred in this action, including his reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

5. An award of interest, including pre-judgment interest, on the foregoing sums;

6. A permanent injunction prohibiting Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

    (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

    (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Work.

7. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: August 12, 2021                           Respectfully submitted,

**DUANE MORRIS LLP**

/s/ Drew T. Dorner
Drew T. Dorner  (D.C. Bar No. 1035125)
DUANE MORRIS LLP
505 9th Street, N.W.
Suite 1000
Washington, DC 20004-2166
(202) 776-5291
dtdorner@duanemorris.com

*Counsel for Plaintiff*